(105 So. 719)

**CHANEY et al. v. LONG. (2 Div. 321.)**

(Court of Appeals of Alabama. April 21, 1925. Rehearing Denied June 30, 1925.)

1. Brokers ⚖➣82(1)—Pleading ⚖➣8(7)—Complaint in broker's action for commission for sale of timber held not demurrable.

Complaint in broker's action for commission for sale of timber *held* not demurrable on ground that averment that purchaser was procured through plaintiff's efforts was legal conclusion, or ·that count seeking to recover on account is not proper action, or for any of other grounds interposed.

2. Brokers ⚖➣88(3) — General affirmative charge for defendants in broker's action for commission for sale of timber held properly refused.

In a broker's action for commission for sale of timber, general affirmative charge for defendants *held* properly refused, where jury might infer that effort of plaintiff contributed to bring about sale of timber at a price considerably greater than minimum named by defendants to plaintiff.

3. Appeal and error ⚖➣1078(1)—Errors not argued and insisted on, so as to require their consideration by reviewing tribunal, are waived.

Errors which are assigned, but not argued and insisted on in such manner as to require their consideration by reviewing tribunal, are waived.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Action by T. A. Long against Lucy W. Chaney and A. B. Chaney. Judgment for plaintiff, and defendants appeal. Affirmed.

Certiorari denied by Supreme Court in Ex parte Chaney, 213 Ala. 549, 105 So. 720.

The third count claims the sum of $6,000—

"for that on, to wit, January 30, 1920, the defendants employed the plaintiff to bring about a sale of all the timber on that tract of land belonging to the defendants known as the G. B. Chaney estate lands, for the defendants, at and for a purchase price of twenty-four ($24,-000.00) dollars net to the defendants, the compensation of the plaintiff to be all of the purchase price for which the said timber was sold over and above the said sum of twenty-four ($24.00) dollars, to which contract of employment the plaintiff agreed; and plaintiff further alleges that he did on, to wit, 25th March, 1920, bring about a sale of the said timber to the Allison Lumber Company at and for the sum of thirty thousand ($30,000.00) dollars, which sum. was paid to the defendants, and thereby defendants became indebted to plaintiff in the sum of six thousand ($6,000.00) dollars."

The fourth count is as follows:

· "The plaintiff claims of the defendants the sum of six thousand ($6,000) dollars due from them by account on, to wit, the 25th day of March, 1920, which sum of money, with the interest thereon, which is still unpaid."

Defendants demurred to the complaint upon these, among other, grounds:

That it is vague, uncertain, and indefinite; that it does not allege that the plaintiff procured a customer ready and willing to buy the timber described, and did: buy for the amount named in the complaint; that it fails to allege a customer was obtained pursuant to plaintiff's employment, or in compliance with the terms of said employment, if employed at all, or that the sale was the proximate result of plaintiff's service; that the averment that the purchaser was obtained through plaintiff's efforts· is a. mere conclusion; that the complaint fails to set out the contract of employment between plaintiff and defendants, and fails to allege compliance by plaintiff with its terms; that it fails to allege the duration of the contract, and: that it was not revoked; a count seeking to recover on an account is not a proper action in this cause.

There was a verdict for plaintiff for $1,000,

---

and judgment accordingly, from which defendants appeal.

Gray & Dansby, of Butler, and James J. Mayfield, of Montgomery, for appellants.

In order to recover on a special contract, plaintiff must show full performance of his undertaking. Aarnes v. Windham, 137 Ala. 518, 34 So. 816. The contract should be set out in the complaint, either in hæc verba or in substance. Manier v. Appling, 112 Ala. 663, 20 So. 978. In declarations in assumpsit, reasonable certainty in stating the plaintiff's claim and defendant's liability is required. Moore v. Smith, 19 Ala. 774; Gliddon v. McKinstry, 25 Ala. 246; Walker v. Forbes, 25 Ala. 139, 60 Am. Dec. 498; Cronin v. Am. Sec. Co., 163 Ala. 533, 50 So. 915, 136 Am. St. Rep. 88. If damages are claimed for breach of a special contract, the plaintiff must count upon the contract; he cannot recover on the common counts. Darden v. James, 48 Ala. 33; Burkham Bros. v. Spiers, 56 Ala. 547; Martin v. Massie, 127 Ala. 504, 29 So. 31. To entitle a broker to recover, he must accomplish what he undertakes to do. 4 R. C. L. 303; 155 Cal. 155, 99 P. 867, 21 L. R. A. (N. S.) 328, 139 Am. St. Rep. 241. A broker is not entitled to commissions upon a deal effected by his employer after his efforts have failed. 4 R. C. L. 321. Where there is no evidence to support a verdict, it should be set aside. Tenn. Co. v. Stevens, 115 Ala. 461, 22 So. 80; Kelly v. Eyster, 102 Ala. 325, 14 So. 657.

T. J. Hollis, of Butler, R. P. Roach, of Mobile, and Thos. F. Seale, of Livingston, for appellee.

Count 3 was tantamount to the common count for work and labor done, and was not subject to demurrer. Jackson v. Berry, 211 Ala. 174, 100 So. 111. The motion for new trial was properly overruled. Birmingham v. Doss, 131 Ala. 177, 32 So. 493. The contract was fully executed by the plaintiff, and he was entitled to recover. Aarnes v. Windham, 137 Ala. 518, 34 So. 816.

RICE, J. Appellee (plaintiff in the court below) brought this action against appellants (defendants) to recover an amount claimed to be due to him as his commission for bringing about the sale of a certain tract of timber. His complaint consisted of two counts, numbered 3 and 4, one declaring upon a special contract, and the other in assumpsit, and the appellants are prosecuting this appeal from the judgment rendered against them.

Appellants' counsel, in their able brief filed on this appeal, erroneously assume and state that demurrers to counts 1 and 2 were overruled, and that a third party, Lucy Steele, was included as a party defendant. Of consequence, their otherwise helpful discussion becomes confusing to the court. We cannot too strongly urge that counsel be careful to be accurate in their statements of fact, both as to evidence and as to pleading.

[1] Neither counts 3 nor 4, which were the only counts submitted to the jury, were subject to any of the grounds of demurrer interposed, and the trial court properly overruled said demurrers.

[2] Appellants' chief contention, if not the only one, insisted upon seriously here, as a reason for the reversal of the judgment against them, is that the trial court erred in refusing to give at their request the general affirmative charge in their favor. Most, or at least a very large part, of the argument they make, is based upon the asserted fact that, whereas the suit is on a contract against three defendants jointly, the evidence fails entirely to connect the third defendant with the transaction. As suggested above, all this argument fails, and only confuses, for the reason the record shows, affirmatively, that only two defendants were included in the case, as it was submitted to the jury. The argument is further made that there was no evidence to support the verdict. To this we cannot agree. Count 3 alleged that plaintiff was employed by defendants to "bring about a sale" of the timber mentioned. The evidence for the plaintiff tended to show that the prospective purchaser was at the time of the making of the agreement, which is the foundation of this suit, known and recognized by both the plaintiff and the defendants. The case is distinguishable from all that line of authorities having to do with the right of a broker to his commissions for "selling," or "finding a purchaser for," lands, etc. It would not be helpful to discuss or detail the evidence in the case. Suffice to say that in our opinion there was ample evidence from which the jury might infer that the efforts or activities of the plaintiff contributed to bring about the sale of the timber in question at a price considerably greater than the minimum named by the defendants to the plaintiff. There was therefore no error in refusing to give the general affirmative charge in favor of defendants, or in overruling their motion to set aside the verdict and grant to them a new trial.

[3] Other errors assigned are not argued and insisted upon here in such a manner as to require their consideration by this court, and are hence waived. It might be said, however, that from a careful examination and consideration of the whole record it does not appear that any error of a prejudicial nature to the defendants intervened in the case.

Let the judgment be affirmed.

Affirmed.

### On Rehearing.

Counsel for appellants, on their application for rehearing, have satisfactorily explained the confusion that caused their brief filed on the submission of this cause in this court to deal with matters not shown by the record;

but, inasmuch as both appellants and the appellee have by written agreement on file and in their briefs, expressed the desire that the case be treated as though the record actually showed the changes, purported to be made after the filing of their brief, to have been originally incorporated in the same, we see no occasion to change anything we have heretofore said regarding the issues as made and determined on the trial of the case in the court below. Appellants' counsel, in their brief filed on this application, argue very ably and persuasively that the trial court committed reversible error in overruling their motion for a new trial. However, we are unable to agree with them. While it may be that plaintiff's (appellee's) evidence was rather weak, yet it was substantial, and we do not feel authorized to set our judgment in the place of that of the jury who tried the case, and of the trial judge who refused the motion for a new trial, both of whom had the advantage of seeing and hearing the witnesses who testified.

So far as the very earnest insistence of counsel for the appellants that the trial court erred in refusing said motion on the ground that the proof showed plaintiff to be entitled to $6,000 or nothing is concerned, we might add that the record discloses that a certain tract of land belonging to Mrs. Lucy W. Chaney, individually, and not included in plaintiff's contract, was sold with and at the same time as the other lands, and for aught that we can say the jury might have therefore within their province concluded that the amount of the verdict as returned was proper compensation to be awarded plaintiff.

The application for rehearing is overruled.

Overruled.